IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD J. HANNAHAN )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>ANDREW M. SAUL, )<br>ACTING COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 19-1112 |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Richard J. Hannahan ("Hannahan") applied for a period of disability and disability insurance benefits ("DIB") as well as a claim for supplemental security income ("SSI") in July 2017. (R. 15) He alleges a disability onset date of July 12, 2017. (R. 15) The ALJ conducted two separate hearings. During the first, Hannahan, and a vocational expert ("VE") appeared and testified. At the second hearing, Dr. Shilling, an impartial medical expert, testified. Following the second hearing the ALJ denied Hannahan's claims. Hannahan later appealed. Before the Court are the parties' cross-motions. *See* ECF Docket Nos. 13 and 18.[1] For the reasons set forth below, the ALJ's decision is remanded for further consideration.

### Opinion

---

[1] Hannahan filed a Motion to Remand rather than a Motion for Summary Judgment. In the Motion itself, Hannahan asks this Court to remand based on new evidence. In the Brief, Hannahan address the ALJ's decision on the merits. Because I find that remand is appropriate, I need not address the ALJ's decision on the merits.

1

1. <u>Standard of Review</u>

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. <u>Burns v. Barnhart</u>, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." <u>Ventura v. Shalala,</u> 55 F.3d 900, 901 (3d Cir. 1995), *quoting* <u>Richardson v. Perales,</u> 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." <u>Gilliland v. Heckler</u>, 786 F.2d 178, 183 (3d Cir. 1986) (*citing* <u>Kent v. Schweiker,</u> 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." <u>Id.</u> The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); <u>Dobrowolsky v. Califano,</u> 606 F.2d 403, 406 (3d Cir. 1979); <u>Richardson</u>, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. <u>Palmer v. Apfel</u>, 995 F. Supp. 549, 552 (E.D. Pa.

1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196-7, 67 S. Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. The ALJ's Decision

At step one, the ALJ determined that Hannahan has not engaged in substantial gainful activity since the alleged onset date. (R. 17) The ALJ also determined that Hannahan suffered from several severe impairments. The ALJ found that Hannahan has aortic insufficiency; congestive heart failure; ischemic heart disease; bicuspid aortic valve; and status-post aortic valve replacement. (R. 17- 20) Those impairments, or a combination thereof, however, do not meet or equal one of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20) Further, the ALJ concluded that Hannahan had the RFC to perform light work with several limitations. (R. 20-25) The ALJ also found that Hannahan is unable to perform his past relevant work. (R. 25-26) Nevertheless, considering his age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy which Hannahan could perform. (R. 26-27) Accordingly, the ALJ denied benefits.

## III. Discussion

Hannahan requests a remand based upon additional evidence which he has submitted in connection with his Motion for Remand. *See* ECF Docket No. 13, Exs. C and D. If a claimant proffers evidence that was not previously presented to the ALJ, then a district court may remand under Sentence Six of 42 U.S.C. § 405(g). The evidence must be new and material and supported by a demonstration of good cause for not having submitted the evidence before the ALJ's decision. *See Matthews v. Apfel*, 239 F.3d 589, 591-93 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y. of Health and Human Services*, 745 F.2d 831, 833 (3d Cir. 1984). In *Szubak*, the Third Circuit Court explained:

> As amended in 1980, § 405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that the materiality standard requires that there be a reasonable probability that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

*Szubak v. Sec'y. of Health and Human Services*, 745 F.2d 831, 833 (3d Cir. 1984) (citations omitted). All three requirements must be satisfied to justify a remand. *Id.* Hannahan proffers hospitalization records from Washington Hospital relating to the period between November 21-23, 2019. He also attaches a letter dated November 22, 2019 written by his treating physician. *See* ECF Docket No. 13, Exs. C and D. He contends that the documents are "new" because they did not exist when the ALJ authored his opinion. The "materiality" requirement is satisfied, Hannahan continues, because they contradict Dr. Shilling's findings that there was no convincing medical

evidence that the syncopal episodes were related to a seizure disorder or a cardiac impairment. Hannahan insists that "good cause" exists for not having submitted the records to the ALJ because they did not exist at the time. The Commissioner counters that Hannahan cannot satisfy the "materiality" requirement because the evidence is merely cumulative of what is already in the record.

After careful consideration, I find that Hannahan has presented "new" evidence that satisfies the requirements of Sentence Six of § 405(g). The ALJ relied on Dr. Shilling's opinion in finding, at step two, that Hannahan's "near syncope / pre-syncope, vasovagal syncope, or a seizure disorder were not determined to be medically determinable impairments because these conditions were not demonstrated by clinical, laboratory, or diagnostic findings." (R. 19) At step three, the ALJ noted that "the detailed discussion above confirmed that the evidence did not support a medically determinable impairment existed for a seizure disorder or unexplained syncopal episodes" and therefore declined to consider the cardiac and epilepsy related Listings. (R. 20)  In formulating the RFC, the ALJ found Dr. Shilling's testimony that "there was insufficient objective evidence to support a medically determinable impairment concerning dizzy spells or syncopal episodes" very persuasive. (R. 23-24) (citing, "testimony")

Dr. Yancey has provided an opinion in which she states that Hannahan's syncope is "felt to be multifactorial related" to the diagnoses of orthostatic hypotension; arrhythmia / ventricular tachycardia; vasovagal syncope; iatrogenic and neurologic. ECF No. 113, Ex. D. Additionally, the records submitted from Washington Hospital reference Hannahan's syncope episodes. *Id.*, Ex. C. This new evidence directly relates to Dr. Shilling's findings. It may be that Hannahan is unsuccessful upon remand. Yet I am not

prepared to say that Dr. Yancey's opinion and the Washington Hospital records are merely "cumulative" of the evidence that was in the record when the ALJ authored his decision.

Consequently, the ALJ's decision is vacated and this case is remanded for further consideration.[2] On remand, the ALJ should consider and make specific findings regarding the impact of newly submitted evidence.

---

[2] Given my finding in this regard, I need not address the other arguments Hannahan raised in favor of remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD J. HANNAHAN )<br>  Plaintiff, )<br>)<br> -vs- )<br>)<br>ANDREW M. SAUL, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>  Defendant. ) | Civil Action No. 19-1112 |

AMBROSE, Senior District Judge.

## ORDER OF COURT

Therefore, this 21st day of May, 2020, it is hereby ORDERED that the Defendant's Motion for Summary Judgment (Docket No. 18) is DENIED and the Plaintiff's Motion for Summary Judgment (Docket No. 13) is GRANTED. It is further ORDERED that the case is REMANDED for further consideration consistent with the Opinion set forth above.

               BY THE COURT:

               *Donetta F. Ambrose*
               _____
               Donetta W. Ambrose
               United States Senior District Judge